IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEFFREY R.**, <br><br> Plaintiff, <br><br> v. <br><br> **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 3:20-cv-00088-AC <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on May 13, 2021. ECF 15. Judge Acosta recommended that this Court reverse the Commissioner's final decision and remand the case for an immediate calculation and award of benefits.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

The Commissioner filed timely objections, to which Plaintiff responded. The Commissioner objects to Judge Acosta's recommendation that the Court remand for an award of benefits. Judge Acosta found that Plaintiff suffered skin lesions that met or equaled Listing 8.05 and that Plaintiff was therefore disabled. The Commissioner argues that Judge Acosta improperly applied Ninth Circuit precedent that allows a court to credit-as-true improperly rejected evidence and remand for benefits and that Judge Acosta failed to consider whether Plaintiff met every requirement of Listing 8.05. The Court disagrees.

The Commissioner first argues that Judge Acosta improperly reversed the second and third steps in the credit-as-true doctrine. In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *See Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The Court first determines whether the ALJ made a legal error. *Dominguez v*. Colvin, 808 F.3d 403, 407 (9th Cir. 2015). The Court then reviews the record as a whole to determine whether the

record is fully developed and free from conflicts and ambiguities. *Id.* Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.*; *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("[O]ur case law . . . requires us to assess whether there are outstanding issues requiring resolution *before* considering whether to hold that the claimant's testimony is credible as a matter of law.").

Judge Acosta properly applied the credit-as-true doctrine. Judge Acosta began by correctly describing the doctrine. *See* Findings & Recommendation (ECF 15) at 10-11. Judge Acosta then considered whether the ALJ legally erred in evaluating whether Plaintiff met or equaled Listing 8.05. *See id.* at 11-12. Next, Judge Acosta asked whether there were any outstanding evidentiary issues and whether further proceedings would serve a useful purpose. *See id.* at 12-13. Finally, only *after* concluding that further proceedings would serve no useful purpose, *see Treichler*, 775 F.3d at 1105, did Judge Acosta consider whether, if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled. *See* Findings & Recommendation (ECF 15) at 13-14.

Judge Acosta correctly found that further proceedings would serve no useful purpose. The ALJ had already held *four* hearings and issued *two* decisions, one of which was vacated by the Appeals Council. It is not apparent to the Court what the record lacks after these four hearings and two decisions. *See Kelly v. Comm'r, Soc. Sec. Admin*, 2018 WL 2007054, at *6 (D. Or. Apr. 30, 2018) ("Indeed, the Court is considering this case for the second time on the same record, which supports a finding that the record is fully developed."). Moreover, because a

plaintiff is disabled when she meets a Listing, after the record is fully developed, there is little purpose in further proceedings.

The Commissioner next argues that Judge Acosta did not consider whether Plaintiff met every requirement of Listing 8.05 because Judge Acosta evaluated neither whether Plaintiff's skin lesions caused a very serious limitation nor whether the lesions persisted for at least three months, despite continuing treatment as prescribed. Again, the Court disagrees. At the outset, the Court notes that Judge Acosta's task was not to evaluate whether Plaintiff met a listing in the first instance. Instead, in the final step of the credit-as-true analysis, Judge Acosta was required to determine whether, if the improperly evaluated evidence were credited as true, the ALJ would be required to find that Plaintiff is disabled. Judge Acosta found that the ALJ ignored evidence of Plaintiff's skin lesions spreading to new regions, despite improvements in other regions of Plaintiff's body and that the ALJ "cherry-picked" examples of improvement in Plaintiff's condition. Thus, if considering that evidence would compel the conclusion that Plaintiff is disabled, then a remand for benefits is appropriate.

Here, the evidence compels the conclusion that Plaintiff is disabled. The ALJ ignored evidence that Plaintiff's skin lesions caused a bloody stool, AR 615, that Plaintiff's buttocks and groin were tender and "pruritic," AR 593, and that Plaintiff had "a lot of problems . . . in [the] anal area" due to symptoms of his skins lesions that included "some weeping and pain in the anal area." AR 528. The medical records reveal that Plaintiff was making many trips to the emergency room, sometimes seeking treatment as much as four times in a single month. AR 589-92. As the ALJ stated, one "emergency room provider observed noted that Plaintiff had the worst eczema they had ever seen." AR 20. The evidence presented compels the conclusion that Plaintiff's skin lesions caused very serious limitations.

PAGE 4 – ORDER

The record also compels the conclusion that the lesions persisted for at least three months despite treatment. Judge Acosta noted that "[m]edical records from December 2012[] demonstrate Plaintiff had *worsening* skin lesions with flare ups in the prior *six months*." Findings & Recommendation (ECF 15) at 13 (emphasis added). Those lesions, Judge Acosta noted, "did not resolve" by March 2013, more than three months later, despite treatment. *Id.* The Commissioner argues that because no single lesion of Plaintiff's persisted for three months, Plaintiff cannot meet the listing. The Commissioner, however, offers no support for its lesion-by-lesion approach and the Court does not find it persuasive. Finally, the Court notes that Plaintiff's treating physician, Frank Parker, M.D., whose opinion the ALJ erroneously afforded little weight, opined that Plaintiff met Listing 8.05. The Court also has considered the Commissioner's remaining arguments and, after reviewing Judge Acosta's Findings and Recommendation, the Commissioner's objections, Plaintiff's response to those objections, and the entire administrative record, the Court finds the Commissioner's remaining arguments unpersuasive.

The Court ADOPTS Judge Acosta's Findings and Recommendation, ECF 15. The Court REVERSES the Commissioner's final decision and REMANDS for an immediate calculation and award of benefits.

**IT IS SO ORDERED.**

DATED this 25th day of August, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge